***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023

LUCIAN PATCHELL,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent*.

Jackson County Circuit Court
20CV31031; A176461

Timothy C. Gerking, Judge.

Jason Weber and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the briefs for the respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

In 2006, petitioner pleaded guilty to one count of possession of a controlled substance, ORS 475.992(4), and one count of unlawful possession of a firearm, ORS 166.250. In 2021, following the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner filed this post-conviction proceeding seeking relief from his convictions on the ground (among other grounds) that his plea was not valid because he was not informed that he had the federal right to a unanimous jury as recognized in *Ramos*. The state opposed the petition, arguing that petitioner's claim failed both because *Ramos* did not apply retroactively in post-conviction proceedings and on its merits. Following a hearing, the post-conviction court denied relief:

> "BASED on the factual assertions and reasoning set forth in defendant's trial memorandum, and on the ground and for the reason that *Edwards v. Vannoy*, [___ US ___, 141 S Ct 1547, 209 L Ed 2d 651 (2021),] held that [*Ramos*] is not retroactive, the above entitled matter is hereby dismissed."

On appeal, petitioner argues that the post-conviction court erred in concluding that *Ramos* could not be applied retroactively in state post-conviction proceedings, pointing to the Oregon Supreme Court's decision in *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), and urges us to reverse. The state responds that we should affirm because petitioner's claim that his plea was not valid fails on its merits. In view of *Peeler v. Reyes*, 328 Or App 110, 537 P3d 206 (2023), also issued this date, we agree with the state.[1]

Affirmed.

---

[1] In his reply brief, petitioner asserts that the state's merits argument is not one that was raised below and that we should decline to affirm for that reason. The state, however, raised that argument in its trial memorandum, and the post-conviction court appears to have accepted it, although its ruling is ambiguous in that regard. In all events, our decision in *Peeler* forecloses petitioner's claim for relief.